UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
_Pensacola_____ DIVISION

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

_Nathan Charles Jones_.

Inmate # _183906_____.

(Enter full name of Plaintiff)

vs.

CASE NO: _3:15cv368 - RV IGmt_

(To be assigned by Clerk)

_Mark Crawford, Asst. Warden,_
_Ebony O. Harvey, IISC_____,
_Dr. Vilchez_____,
_Dr. B. Asencio, MD_____,
_P. Foskey H.S. Admin. - Dir. Of Nurs.,_

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

_Corizon_____,

_Nurse Carter_____,
_Nurse Merritt_____,
_Nurse Chandler_____,
_Nurse McDonnell____,
_Nurse Hogan_____,
_Nurse Duff_____,
_Nurse Jamison_____,
_Nurse Prescock____,
_Nurse Reeves_____,
_Nurse Hicks_____,

### ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

Provided to Walton CI
On _8/14/15_ for Mailing
Date
Inmate's Initials _NSJ_

## I.   PLAINTIFF:

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:   Nathan Charles Jones

Inmate Number   # 183906

Prison or Jail:   Walton Corr. Inst.

Mailing address:   691 Institution Road
DeFuniak Springs, FL
32433

## II.   DEFENDANT(S):

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for **every** Defendant:

(1)   Defendant's name:   Mark Crawford
Official position:   Assistant Warden
Employed at:   Walton Corr. Inst.
Mailing address:   691 Institution Rd.
DeFuniak Spring, FL 32433

(2)   Defendant's name:   Ebony O. Harvey
Official position:   IISC, Bureau Of Inmate Grievance
Employed at:   FDOC - Central Office
Mailing address:   501 S. Calhoun St.
Tallahassee, FL 32399-2500

(3)   Defendant's name:   Dr. Vilchez
Official position:   Doctor
Employed at:   Walton Corr. Inst.
Mailing address:   691 Institution Rd
DeFuniak Springs, FL 32433

## **ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

2

(4) Dr. B. Asencio
Doctor
Walton Corr. Inst.
691 Institution Rd
DeFuniak Springs, FL 32433

(5) P. Foskey
Health Service Administrator — Director Of Nursing
Walton Corr. Inst.
691 Institution Rd.
DeFuniak Springs, FL 32433

(6) Nurse Carter
Nurse
Walton Corr. Inst.
691 Institution Rd
DeFuniak Springs, FL 32433

(7) Nurse Merritt
Nurse
Walton Corr. Inst.
691 Institution Road
DeFuniak Springs, FL 32433

(8) Nurse Chandler
Nurse
Walton Corr. Inst.
691 Institution Rd.
DeFuniak Springs, FL 32433

(9) Nurse McDonnell
Nurse
Walton Corr. Inst.
691 Institution Rd.

2A

DeFuniak Springs, FL 32433

(10) Nurse Hogan
Nurse
Walton Corr. Inst.
691 Institution Rd
DeFuniak Springs, FL 32433

(11) Nurse Duff
Nurse
Walton Corr. Inst.
691 Institution Rd.
DeFuniak Springs, FL 32433

(12) Nurse Jamison
Nurse
Walton Corr. Inst.
691 Institution Rd.
DeFuniak Springs, FL 32433

(13) Nurse Prescock
Nurse
Walton Corr. Inst.
691 Institution Rd
DeFuniak Springs, FL 32433

(14) Nurse Reeves
Nurse
Walton Corr. Inst.
691 Institution Rd.

(15) Nurse Hicks
Nurse

2B

Walton Corr. Inst.
691 Institution Rd.
DeFuniak Springs, FL 32433

(16) Corizon
Health Care Service Contractor
Walton Corr. Inst.
DeFuniak Springs, FL 32433

20

## III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

## IV.   PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )                    No( ✓)



1.   Parties to previous action:
   (a)   Plaintiff(s): _____
   (b)   Defendant(s): _____
2.   Name of judge: _____ Case #: _____
3.   County and judicial circuit: _____
4.   Approximate filing date: _____
5.   If not still pending, date of dismissal: _____
6.   Reason for dismissal: _____
7.   Facts and claims of case: _____

**(Attach additional pages as necessary to list state court cases.)**

B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( )                    No( ✓)



1.   Parties to previous action:
   a.   Plaintiff(s): _____
   b.   Defendant(s): _____
2.   District and judicial division: _____
3.   Name of judge: _____ Case #: _____
4.   Approximate filing date: _____
5.   If not still pending, date of dismissal: _____
6.   Reason for dismissal: _____

3

7.    Facts and claims of case: _____ N/A _____

**(Attach additional pages as necessary to list other federal court cases.)**

C.    Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( )                         No( ✓ )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1.    Parties to previous action:
      a.    Plaintiff(s): _____
      b.    Defendant(s): _____
2.    District and judicial division: _____
3.    Name of judge: _____ Case #: _____
4.    Approximate filing date: _____
5.    If not still pending, date of dismissal: _____
6.    Reason for dismissal: _____
7.    Facts and claims of case: _____

**(Attach additional pages as necessary to list cases.)**

D.    Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )                         No( ✓ )

1.    Parties to previous action:
      a.    Plaintiff(s): _____
      b.    Defendant(s): _____
2.    District and judicial division: _____
3.    Name of judge: _____ Case Docket # _____
4.    Approximate filing date: _____ Dismissal date: _____
5.    Reason for dismissal: _____

4

6. Facts and claims of case: _____ N/A _____

**(Attach additional pages as necessary to list cases.)**

## V.   STATEMENT OF FACTS:

State briefly the FACTS of this case.  Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim.  In describing what happened, state the names of persons involved, dates, and places.  Do not make any legal arguments or cite to any cases or statutes.  You must set forth separate factual allegations in separately numbered paragraphs.  You may make copies of this page if necessary to supply all the facts.  Barring extraordinary circumstances, no more than five (5) additional pages should be attached.  **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

1. On 1/13/14, Plaintiff initiated a Medical Emergency due to severe pain on the upper right side of Plaintiff's Abdomen under Plaintiff's Ribs, sweating, and diarrea; with Plaintiff seen by Dr. Vilchez, Nurse Reeves, Nurse Hogan, and Nurse Prescook. The Plaintiff was diagnosed with Chest Pains, Epiglotric Pain, and prescribed Maalox, 1 dose Alomag for treatment.

2. On 1/15/14, the Plaintiff filed an Inmate Request informing Walton C.I. Medical Dept. of the Fla. Dept. Of Corr. (FDOC) that: Plaintiff had several incidents eating meat served by WCI Food Service Dept. Plaintiff refused eat any meat served by WCI Food Service Dept. Again, except chicken, the Plaintiff is allergic to peanuts which is the sometime the main meal or only meat Alternative, and requested to see a doctor about Plaintiff food eating incidents and changing Plaintiff's diet.

3. On 1/16/14, Defendant P. Foskey, WCI Health Services Admin. – Dir. Of Nursing, responded to Plaintiff's Inmate Request (i.e., IR) And Responded: "we do not provide diets for allergies And dislikes."

4. On 2/23/14, Plaintiff initiated a Medical Emergency due to severe pain under Plaintiff's right ribs, that hurt when Plaintiff moved; with Plaintiff seen by Defendant's Dr. Vilchez, Nurse Carter, Nurse Chandler, and Nurse McDonnell. The Plaintiff was diagnosed with Chest Pain and Constipation. No treatment was ordered/given.

5. On 2/25/14, the Plaintiff initiated a Medical Sick Call Request (i.e.,

Sick Call), due to chest pains under his ribs on the right side that worsen when Plaintiff moved, stomach pains, sweating, headaches, nausea, diarrea, and vomiting; with Plaintiff seen by Defendants Dr. Vilchez and Nurse Merritt. The Plaintiff was diagnosed with Epigastox Pain and Chest Pain; with Pink Bismuth pre-scribed as/for treatment.

6. On 7/11/14, the Plaintiff initiated a Medical Emergency, due to severe pain on the right side of Plaintiff Abdomen under his ribs, nausea, sweating, headaches, gas, and diarrea; with Plaintiff seen by Defendant's Dr. Asencio, Nurse Chandler, Nurse Merritt, Nurse McDonnell, Nurse Carter, and P. Foskey, WCI Health Services Administrator- Dir. Of Nursing, WCI (i.e., Mrs. Foskey). The Plaintiff was diagnosed with chest pains; with Lab Stat, RX Zantac, Simethicone, Protonis, and Bentyl ordered/prescribed as treatment.

7. On 7/15/14, the Plaintiff was seen by Defendants Dr. Asencio, Mrs. Foskey, Nurse Merritt, Nurse Carter, Nurse Hogan, Nurse Duff, Nurse Chandler, Nurse McDonnell, Nurse Prescock, Nurse Reeves, Nurse Hicks, and Nurse Jamison; with Plaintiff diagnosed with Abdomenal Labs, Impression Diagnosis Acute "Pancreatitis", and Abdomenal Pain. Clear liquids, 4 days envolution dose, and Plaintiff placed in Infirmary 24-48 hrs. ordered/prescribed as treatment during a Medical Call-Out, following Plaintiff's 7/11/14 Med. Emerg.

8. On 8/19/14, the Plaintiff was seen by Defendant's Dr. Asencio, Nurse Hogan, And Nurse Reeves; with Plaintiff diagnose with Epilopoy, Pananatitis Seizure, And Diarrea. The Plaintiff was Admitted to the WCI Infirmary; with the physician's order sheet from July 2014 to August 2014 missing Plaintiff's August medication And treatment records. Said 8/19/14 medical attention was the result of a Medical Emergency following Plaintiff experiencing A seizure, chest pains, nausea, headache, sweating, stomach pains, And diarrea; which was witnessed by Sgt. Wiggins, Sgt. Copen, Inmate Maurice Bryant #U26613, Inmate Michael B. Mitchell #K68939, And Inmate Achilles Wallender #J46606.

9. On 8/20/14, the Plaintiff while in WCI Infirmary was seen by Defendants Dr. Asencio, Nurse Merritt, Nurse Carter, Nurse Hogan, Nurse Chandler, Nurse McDonnell, Nurse Prescock, Nurse Jamison, Nurse Reeves, Nurse Duff, Nurse Hicks, Ms. Foskey, And witnessed by Ofc. Thomas; with Plaintiff diagnosed with Chest And Abdomenal Pains, and treatment stated as present illness, seizures, do to sudden unset chest pains and abdominal pain.

10. On 8/21/14, the Plaintiff declared An Inmate Medical Emergency, due to severe pain on the right side of Plaintiff's Abdomen under his ribs, nausea, sweating, diarrea, stomach pain, and gas; with the Plaintiff seen by Defendant's Dr. Asencio, Nurse Reeves, Nurse Hogan, and Nurse Prescock. The Plaintiff was diagnosed with chest pains, seizure, lost of breath, And sweating; with the Plaintiff's treatment being monitoring And maintaining seizure precautions.

11. On 8/22/14, due to severe on the right side of Plaintiff Abdomen under his ribs, nausea, And sweating, the Plaintiff was seen by Defendants Dr. Asencio, Nurse Reeves, Nurse Hogan, Nurse Prescock, Nurse Merritt, Nurse Carter, Nurse Chandler, Nurse McDonnell, Nurse Jamison, Nurse Duff, Nurse Hicks, And Ms. Foskey, And witnessed by Ofc. Thomas; with Plaintiff diagnosed with seizure, chest pains, And Pancreatitis, And treated by transfer to outside Emergency Room.

12. On 8/22/14, the Plaintiff Arrived At North Okaloosa Medical Center, where Plaintiff was examined by A NOMC doctor who found the Plaintiff's Liver and Pancreas were swollen, the Plaintiff's Gallbladder was infected beyond repair And would require Removal by surgery immediately.

13. On 8/22/14, the Plaintiff's Gallbladder was successfully Removed during surgery At NOMC, and the doctor/surgeon ordering A check-up with him or WCI Medical Staff prior to Plaintiff being Released from NOMC And Returning to WCI.

14. On 9/4/14, the Plaintiff filed An Informal Grievance (i.e., IG) challenging the contents of his prescribed Fat Intolerence diet as being inadequate; with said IG denied by an unknown FDOC official

6A

in the Assistant Warden Of Operations (AWO) at WCI on 9/12/14.
15. On 9/12/14, the Plaintiff filed an IG seeking review of WCI
Medical Dept. And Medical Staff, due to inadequate medical care,
deliberate indifference to Plaintiff's medical needs, negligence,
and malpractice that resulted in Plaintiff having his Gallbladder
removed; with said IG denied by Defendant Foskey who stated/
responded the Plaintiff was evaluated and treated appropriately
each time at Sick-Call or Medical (i.e., Med.) Emergency, and
Plaintiff was still being followed by Medical through test and
Chronic Illness Clinic. Said IG denied 9/18/14.
16. On 9/14/14, the Plaintiff filed an Inmate Request (i.e., IR)
seeking information on when Plaintiff would have the post-
surgery check-up ordered by the NOMC doctor/surgeon
following surgical removal of Plaintiff's Gallbladder on
8/22/14; with Defendant Ms. Foskey responding "Soon", de-
spite "Twenty-Three (23) Days" having passed following Plaintiff's
8/22/14 Gallbladder Removal surgery. IR denied 9/15/14.
17. On 9/16/14, the Plaintiff filed a Formal Grievance (i.e., FG) at
WCI (i.e., Institutional Level), due to deliberate indifference to
Plaintiff's Medical needs, inadequate medical assistance by
WCI's Med. Dept. And Med. Staff, negligence and/or malpract-
ice; with Defendant Mark Crawford (i.e., Mr. Crawford) deny-
ing Plaintiff's FG in reliance on Defendant Dr. Asencio's re-
sponse that Plaintiff was treated appropriately each time the
Plaintiff was seen, inter alia on 10/2/14.
18. On 9/30/14, the Plaintiff filed a FG, due to the denial re-
sponse Plaintiff received from his 9/12/14 IG. Said FG assert-
ing inadequate medical care by WCI Med. Dept. And Med. Staff was
denied by Defendant Mr. Crawford in reliance on Defendant
Dr. Asencio's response that as stated in an earlier griev-
ance, the Plaintiff was treated properly, inter alia on 10/16/14.
19. On 10/12/14, the Plaintiff filed a Request For Adminstrative
Remedy Or Appeal (i.e., RFARDA) at the Central Office Level
(i.e., Office Of The Secretary, FDOC), due to the denial of Plain-

tiff's 9/16/14 FG asserting inadequate medical care by WCI Med. Dept. and Med. Staff. Said RFAROA was denied on 11/10/14; with the responding FDOC employee stating: "It is the responsibility of your health care staff to determine the appropriate treatment regimen for the condition you are experiencing. Should you experience problems, sick call is available so that you may present your concerns to your health care staff." Responding FDOC Defendant Ebony O. Harvey, IISC, also stated Plaintiff's RFAROA was "received by FDOC Central Office, carefully evaluated, and records to FDOC Central Office were also reviewed."

20. On 10/21/14, the Plaintiff filed a RFAROA, due to the denial of Plaintiff's assertion of inadequate medical care by WCI Med. Dept. and Med. Staff. Said RFAROA was reviewed by FDOC Defendant Ebony O. Harvey, IISC who used/stated the "same" identical/pre-drafted response Plaintiff received from Ms. Harvey when she denied Plaintiff's 10/12/14 RFAROA (i.e., Paragraph 19, supra), and additionally stating "Defendant's 10/16/14 response appropriately addressed Plaintiff's presented issues when denying Plaintiff's RFAROA on 12/3/14; under authority to deny/approve RFAROA.

21. Defendants Dr. Vilchez, Dr. Asencio, Ms. Foskey, Nurse Carter, Nurse Merritt, Nurse Chandler, Nurse McDonnell, Nurse Hogan, Nurse Duff, Nurse Jamison, Nurse Prescock, Nurse Reeves, and Nurse Nicks are responsible for Plaintiff's health care concerns and determining the appropriate treatment regimen for the conditions the Plaintiff experiences; with Defendant Corizon responsible for nursing care.

22. Defendant Mr. Crawford is legally responsible for the welfare and medical care of all inmates at WCI.

23. Each named Defendant acted outside the course and scope of their employment in bad faith with malicious purpose in a manner exhibiting wanton and willful disregard of Plaintiff's human rights, safety, or property under color of state law, and are each sued in their capacities; with Defendant Crawford sued in both his individual and official capacities.

24. Plaintiff has exhausted his Administrative Remedies prior to filing this instant 42 U.S.C. 1983 Civil Rights Complaint.

25. Plaintiff incorporates by Reference Paragraphs 1-25 into the body/claims of this instant Complaint, And Accompanying Supplemental Jurisdiction Complaint.

6D

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

Claim One: Defendant Mark Crawford is sued in his official and individual capacities on claims for damages pursuant to 42 U.S. 1983, due to inadequate medical care in violations of Plaintiff's 8th Amend, U.S. Const Rights, where Mr. Crawford failed to properly hire, train, supervise, direct or control the actions of subordinates who caused injury to Plaintiff by ignoring clear warnings the medical treatment they provided was inadequate, Allow-
※ ※ ※ Continue On 7A-7C ※ ※ ※

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

Plaintiff seeks $1.00 Nominal Damages; $250,000.00 Compensatory Damages Against each named Defendant individually And collectively; $5,000,000.00; And Injunction issued Against Defendant Crawford, with instructions to establish food Allergy diets And properly hire, train, supervise, direct or control the Actions of WCI Medical Dept. staff.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

8/14/15
(Date)

X _____
(Signature of Plaintiff)

## IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the 14th day of August, 20 15.

X _____
(Signature of Plaintiff)

Revised 03/07

7

ed Plaintiff to deteriorate beyond recovery and required surgery removal of Plaintiff's gallbladder, And due to Plaintiff giving Mr. Crawford notice through the inmate grievance procedure that Plaintiff was receiving inadequate medical care due to denial and purposely delaying access to medical care, and intentionally interfering with and failing to honor/follow the surgeon's treatment order to schedule follow-up post-surgery checks, which resulted in Plaintiff's 8th Amend. U.S. Const. rights being violated due to Mr. Crawford's deliberate indifference to Plaintiff's serious medical needs as asserted in Realleged and incorporated by reference Statement Of Facts Paragraphs 1-25, supra.

Claim Two: Inadequate medical care in violation of Plaintiff's 8th Amend., U.S. Const. Rights, due to Dr. Vilchez and Dr. B. Asencio, deliberate indifference to Plaintiff's serious medical needs that was so obvious that even a lay person would easily recognize the necessity for emergency medical attention where it was apparent that delay would detrimentally exacerbate Plaintiff's medical problem And the delay in medical care, given Plaintiff's sick-call and medical emergency history for the same/identical medical complaints, worsened Plaintiff's medical condition and resulted in Plaintiff suffering in needless pain from January 2014 through August 2014 surgical removal of Plaintiff gallbladder through October 2014 due to the surgeons order for post-surgery check-up not being timely honored as asserted in realleged and incorporated by reference Statement Of Facts Paragraphs 6-25, supra.

Claim Three: Inadequate medical care in violation of Plaintiff's 8th Amend., U.S. rights and federal law recognized right to Adequate medical care, due to Nurse Carter, Nurse Merritt, Nurse Chandler, Nurse McDonnell, Nurse Hogan, Nurse Duff, Nurse

Jamison, Nurse Prescock, Nurse Reeves, Nurse Hicks, And Ms. Foskey individual And collective, deliberate indifference to Plaintiff's serious medical needs presented by Plaintiff by sick-call And medical emergency that was so obvious that even a layperson would recognize because the medical need was so serious it was Apparent that the delay would detrimentally exacerbate Plaintiff's medical problem beyond recovery, where the named nurse Defendants supra And Ms. Foskey knew it was their role As gatekeepers for other medical personnel capable of treating Plaintiff's serious medical need condition, but delayed And Refused to fulfill that gatekeeper role due to deliberate indifference in denying Plaintiff Access to medical care; which eventually Required surgical Removal of Plaintiff's gallbladder after the named Defendants were given notice of Plaintiff's serious medical need that resulted in needless, pain, suffering, As surgery As asserted in Re-Alleged And incorporated by reference Statement Of Facts Paragraphs 1-13, 16, 21 And 23, supra.

Claim Four: Inadequate medical care in violation of Plaintiff's 8th Amend. U.S. Const. Rights And federal law recognized right to Adequate medical care, due to Defendant Ms. Foskey's deliberate indifference to Plaintiff's serious medical needs that was so obvious that even A lay person would recognize the necessity for A doctor's Attention, by Ms. Foskey's purposefully ignored And denied Plaintiff's medical need to A Medical Special Diet pass After being personally put on notice that Plaintiff's medical file/Record Reflects Plaintiff is Allergic to peanut butter, shellfish and lactose intolerant, Ms. Foskey's Reckless And callous indifference to Plaintiff's medical needs by Ms. Foskey's deliberate indifference to discharge her duty as H.S. Admin.-Dir. Of Nursing to carefully hire, train And supervises Adequate nurses capable of evaluating And meeting the reasonable medical needs of the Plaintiff and inmate population At Walton Corr. Inst., due to the treatment

7B

Plaintiff received by Ms. Foskey's hired, subordinate Defendant nurses being so clearly inadequate as to amount to refusal to provide essential medical care that Ms. Foskey had the power and duty to alleviate the condition which led to the violation of Plaintiff's 8th Amend., U.S. Const. Rights, and by Ms. Foskey's purposely and intentionally interfering with with the treatment prescribed by the surgeon who surgically removed Plaintiff's gallbladder and failing to respond to the Plaintiff's pain and medical needs when failing to honor the surgeons order for post-surgery check-up by delaying the Surgeon's ordered check-up for over three (3) weeks as asserted in realleged and incorporated by reference Statement Of Facts Paragraphs 1-13,16, 21 and 23, supra.

7C

## Supplemental Jurisdiction

Count One: Failure To Exercise Due Care And Skill, In Viotion Of The Florida Medical Malpractice Act/Section 766.101 to 766.212, F.S.
Plaintiff, Nathan Charles Jones, sues Defendant, Dr. B. Asencio, And Alleges:

1. This is An Action for damages for A sum, within the jurisdictional limits of Florida circuit courts, to with: $250,000.00.

2. Plaintiff is currently Residing/detained at Walton Corr. Inst., 691 Institution Road, DeFuniak Springs, Florida.

3. At all times mentioned, Dr. Asencio was And still is A physician licensed to practice medicine in Florida And was engaged in general practice At Walton Corr. Inst. in DeFuniak Springs, Florida.

4. On or About 7/11/14, Plaintiff initiated a Medical Emergency At Walton Corr. Inst., And entered into physician-patient Relationship with Dr. Asencio. Defendant undertook As physician to Respond And treat Plaintiff for severe pain on the right side of Plaintiff's Abdomen under Plaintiff's Ribs, nausea, sweating, headaches, gas And diarrea.

5. Plaintiff Realleges And incurporates by Reference the dates And facts As to treatment Asserted in Part V. Statement Of Facts Paragraphs 1-16 And 23 of Plaintiff's 1983 Civil Complaint, As dates and other facts As treatment by Defendant, Dr. B. Asencio.

6. Defendant in endeavoring to treat Plaintiff's severe Abdomenal pain, failed to exercise that level of care, skill, And treatment which, in light of all Relevant circumstances, is Recognized As acceptable And Appropriate by Reasonable prudent health care providers, in that:

Despite Plaintiff's Repeated complaints About the pain Plaintiff was suffering, Dr. B. Asencio basically did nothing to Alleviate that, essentially letting Plaintiff suffer As Plaintiff's

8

condition deteriorated. Other than Pink Bismuth, the main medications Plaintiff received were Anti-gas medications RX Zantac, Simethicone, and Bentyl; with the medication provided to Plaintiff so cursory as to amount to no care at all as far as the pain Plaintiff was experiencing, due to Defendant being aware that the medication Defendant prescribed for Plaintiff was not treating the severe pain Plaintiff was experiencing and Defendant did nothing to Alleviate/Respond to Plaintiff's deteriorating condition.

Defendant failed to diagnose Plaintiff's Cholecystitis Condition; misdiagnosed Plaintiff's condition as "Pancreatitis"; failed to order an Ultrasound, Radionuclide Scanning, or Cholecystography X-Ray; failed to prescribe any Analgesics/painkillers; failed to order a CT Scan or Endoscopy to examine Plaintiff's "Pancreas" after diagnosing Plaintiff with Pancreatitis; and failed to honor Surgeon's order to scedule and perform a post-surgery check-up. And order/prescribe Plaintiff a No Peanut Product and Lactose Intolerent Medical Diet Pass, that resulted in Plaintiff having to purchase food items from the inmate canteen when peanut butter was the main lunch meal, Alternate/substitute for Meat, and due to peanut butter being the sole/only meal for supper from 7/18/15 to 7/24/15 as a Result of Walton C.I. remodelling its kitchen

Defendant failed to conduct an adequate physical examination on one or more medical visit; failed to keep herself abreast of current medical and scientific diagnostic test, studies, and medical literature concerning diagnosis and treatment for the medical conditions, symptoms, and problems manifested by Plaintiff while a patient of Defendant; failed to make a referral of Plaintiff or seek consultation for an accurate diagnosis and treatment of Plaintiff; and failed to ascertain one or more procedures recommended by national medical and surgeon Associations/Academies, when, in considering available findings, examinations, literature, custom and practice, the procedures should have been determined, and Plaintiff should have been treated in accordance with same, to

9

Avoid the performance of unwarranted surgery on Plaintiff.
7. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, loss of ability to earn money, and aggravation of a previous non-existing condition. The losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.
Wherefore, Plaintiff requests $250,000.00 judgment within jurisdictional limits of Florida circuit courts, together with costs of suit, and any further relief as the Court deems proper. Plaintiff demands jury trial in the above entitled action.

Count Two: Failure To Exercise Due Care And Skill, In Violation Of The Florida Malpractice Act/Sections 766.101 to 766.212, F.S.

Plaintiff, Nathan Charles Jones, sues Defendant, P. Foskey, Health Service Administrator - Director Of Nursing, and alleges:

1. This is an action for damages for a sum within the jurisdictional limits of Florida circuit courts, to wit: $250,000.00.
2. Plaintiff is currently residing/detained at Walton Corr. Inst. (i.e., WCI), 691 Institution Road, DeFuniak Springs, Florida.
3. At all times mentioned, Defendant, Ms. Foskey was and still is HS. Admin.-Dir. Of Nurs. and a nurse licensed to practice nursing in Florida, and engaged in nursing at WCI.
4. On or about 1/15/14, the Plaintiff informed WCI Medical Dept. by inmate request that the Plaintiff was allergic to peanut butter, and sought to see a doctor for incidents/problem (i.e., Pain, Nausea, Diarrea) Plaintiff was having with the food served to inmates a WCI; with Defendant Foskey responding in writing that: "we do not provide diets for allergies or dislikes." And on 9/14/14, the Plaintiff by inmate request, informed WCI Medical Dept. that the surgeon who removed Plaintiff's gallbladder had order a post-surgery check-up that had not been per-

10

formed three (3) weeks After surgery; with Defendant Foskey Responding in writing: "Soon".

5. Plaintiff realleges And incorporates by Reference the dates And facts Asserted in Part V. Statement Of Facts Paragraphs 1-16 And 23 supra of Plaintiff's 1983 Civil Complaint, as dates And other facts As treatment by Defendant Foskey.

6. Defendant Foskey, in endeavoring to treat Plaintiff's food Allergies And post-surgery concerns, failed to exercise that level of care, skill, And treatment which, in light of all Relevant circumstances, is Recognized As Acceptable And Appropriate by Reasonably prudent similar health care providers, in that Defailed to make A Referral of Plaintiff or seek Adequate consultation for An Accurate diagnosis And treatment of Plaintiff Allergy diet needs And care; failed to keep herself Abreast of current medical and scientific diagnostic tests, And studies, And medical literature concerning diagnosis And treatment for Plaintiff's food Allergies, and problem manifest by Plaintiff while a patient of WCI Medical Dept., Ms. Foskey, And the named Defendant nurses Defendant Foskey is Responsible for overseeing; And failed to honor the surgeons order for post-surgery check-up by denying And purposely delaying medical care/check-up And interfering with the treatment/check-up once prescribed/order by the surgeon.

7. As A direct And proximate Result of Defendant Foskey's negligence, Plaintiff has suffered bodily injury And Resulting pain And suffering, disability, disfigurement, mental Anguish, loss of capacity for the enjoyment of life, And Aggravation of A previous non-existing condition. The losses are either permanent or continuing, And Plaintiff will suffer the losses in the future.

Wherefore, Plaintiff Requests $250,000.00 judgment Against Defendant Foskey for damages within the jurisdictional limits of Florida circuit courts, together with costs of suit, And Any further Relief the Court deems proper.

11

Plaintiff demands jury trial in the above entitled action

Count Three: Failure To Exercise Due Care And Skill, In Vio-
lation Of The Florida Malpractice Act/Sections 766.101 to 766.212, F.S.

Plaintiff Nathan Charles Jones, sues Defendant, Dr.
Vilchez, and alleges:

1. Plaintiff repeats and realleges Paragraphs 1 and
2 of Counts 1 And 2 of this Complaint, and further alleges:
2. At all times mentioned, Defendant Dr. Vilchez was
a doctor licensed to practice medicine in Florida And was
engaged in general practice at WCI in DeFuniak Springs, FL.
3. On 1/13/14 and 2/23/14, the Plaintiff initiated Medical
Emergencies At WCI, due to severe pain on the right side of
Plaintiff's Abdomen, under Plaintiff's ribs, headaches, And
diarrea; with Defendant Dr. Vilchez diagnosing Plaintiff
with chest pains And epigotric pain on 1/13/14 and treating
Plaintiff Maalox I dose And Alomag, And diagnosing Plaintiff
with chest pains and constipation on 2/23/14 with no treat-
ment, And at an initiated Sick-Call on 2/25/14, diagnosed
Plaintiff with epigastox pain and chest pains, And prescrib-
ed Pink Bismuth as treatment
4. Plaintiff realleges and incorporate by reference the
dates and facts as to treatment asserted in Paragraphs 1-16,
And 23 of Part V. Statement Of Facts of Plaintiff's 1983 Civil
Complaint, as dates and other facts as treatment by De-
fend Dr. Vilchez.
5. Defendant is endeavoring to treat Plaintiff's severe
abdomenal pain, failed to exercise that level of care, skill, And
treatment in light of all relevant circumstance, is recognized
As acceptable And Appropriate by reasonable prudent health
care providers, in that:

12

Despite Plaintiff's reapeated complaints about the pain Plaintiff was suffering, Dr. Vichez basically did nothing to alleviate that, essentially letting Plaintiff suffer as Plaintiff's condition deteriorated. Other than Pink Bismuth, the main medications Plaintiff received were Anti-gas medications Maalox and Alomag prescribed by Defendant Dr. Vilchez; with the medication provided to Plaintiff so cursory as to amount to no care at all as far as the pain Plaintiff experiencing, due to Defendant being aware that the medication Defendant prescribed for Plaintiff was not treating the severe pain Plaintiff was experiencing and Defendant did nothing to respond to Plaintiff's deteriorating condition.

Defendant failed to diagnose Plaintiff's Cholecystitis; failed to prescribe any analgesics/painkillers, failed to order an Ultrasound, Radionuclide Scanning, or Cholecystography X-Ray; failed to a No Peanut Product and Lactose Intolerant Medical Diet Pass, that resulted in Plaintiff having to purchase food items from the inmate canteen when peanut butter was the main meal or sole/only meat alternative.

Defendant failed to conduct an adequate physical examination on one or more medical visit; failed to keep himself abreast of current medical and scientific diagnostic test, studies and medical literature concerning diagnosis and treatment for the conditions, symptoms, and problems manifest by Plaintiff while a patient of Defendant; failed to make referral of Plaintiff or seek consultation for an accurate diagnosis and treatment of Plaintiff; and failed to ascertain one or more procedures recommended by national medical associations/academies when, in considering available findings, examinations, literature, customs and practice, the procedures should have been determined, and Plaintiff should have been treated in accordance with same, to avoid unwarranted surgery on Plaintiff.

13

6. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered bodily injury and disfigurement, mental anguish, loss of capacity for the enjoyment of life, and aggravation of a previous non-existing condition. The losses are either permanent or continuing, and Plaintiff will suffer the losses and impairments in the future.

Wherefore, Plaintiff requests $250,000.00 judgment against Defendant Dr. Vilchez within the jurisdictional limits of Florida circuit courts, together with costs of suit, and any further relief as the Court deems proper.

Plaintiff demands jury trial in the above action.

Count Four: Negligent Nursing Care, In Violation Of Of The Florida Malpractice Act/Sections 766.101 to 766.212, F.S.

Plaintiff, Nathan Charles Jones, sues Corizon, Nurses Carter, Merritt, Chandler, McDonnell, Hogan, Duff, Jamison, Peacock, Reeves, Hicks, and Foskey, and alleges:

1. Plaintiff repeats and realleges and incorporates by reference the dates and facts as to the treatment asserted in Part V, Statement Of Facts paragraphs 1-16 and 23 of Plaintiff's 1983 Civil Rights Complaint, as dates and other facts as treatment by the named nurses, supra in this instant Supplemental Jurisdiction count.

2. Plaintiff repeats and realleges paragraphs 1 and 2 of Counts 1 and 2 of this Complaint, and further alleges:

3. At all times material to this action, all named Defendant nurses were and still are nurses licensed to practice nursing in Florida.

4. Plaintiff was a patient at WCI Medical

14

Dept. Sick-Call, Medical Emergency, And Infirmary on 1/13/14, 2/23/14, 2/25/14, 7/11/14, 7/15/14, 8/19/14, 8/20/14, 8/21/14, 8/22/14, And past 8/22/14 surgery to present date of filing the instant Complaint And continuing.

5. At All times material to this Action, Defendant Corizon, was A Florida Corporation operating Medical/Health Care Services At WCI in DeFuniak Springs, FL.

6. At All times material to this Action, Defendant Corizon, pursuant to its contract with the Florida Dept. Of Corr. (i.e., FDOC), Corizon was Required to provide nursing care to inmate patients At WCI. As A Result, Corizon is Responsible for Any negligence of the named Defendant nurses who provided nursing care to Plaintiff while A patient in/with WCI Medical Dept.

7. During Plaintiff's medical needs At WCI Medical Dept., the Plaintiff was provided nursing care by the Above named nurses who were the employees, Agents, or Apparent Agents of Corizon's WCI Medical Dept. And who were Acting within the course And scope of their employment or Agency while treating Plaintiff. As A Result, Corizon is Responsible for Any negligence of the nurses who provided care to Plaintiff.

8. Notwithstanding the duty of the nurses who treated Plaintiff to exercise Reasonable care to conform to the prevailing professional standard of care for the safely of Plaintiff, they negligently breached this duty And deviated from the prevailing standard of care in the following Respects:

(A) Failing to properly monitor Plaintiff;

(B) Failing to Recognize signs And symptom indicating Cholecystitis And the seriousness of Plaintiff's condition;

(C) Failing to timely And fully notify the physicians of Plaintiff's condition; And

(D) Failing to contact Another doctor when doct-

15

ORS failed to Appropriately respond to information pro-
vided to doctor's by the nurses Regarding Plaintiff's status.
   9. As a direct and proximate result of the negligence
of the Defendants, Plaintiff has suffered bodily injury,
And resulting pain and suffering, loss of capacity for the
enjoyment of life, and aggravation of a previous non-
existing condition. The losses are either permanent
or continuing, and Plaintiff will suffer the losses in
the future.
   Wherefore, Plaintiff demands $250,000.00 judgment
Against Defendant Corizon and All named Defend-
ant nurses, together with costs of suit, And Any further
relief the Court deems proper.
   Plaintiff demands jury trial in the above action.

Count Five: Failure To Exercise Due Care, In Violation Of
The Florida Malpractice Act/Sections 766.101 to 766.212,F.S.

   Plaintiff, Nathan Charles Jones, sues Defendant
Eboney O. Harvey, And Alleges:

   1. Plaintiff repeats and Realleges incorporated
by reference Paragraphs 1-25, supra, Asserted As dates
and facts as treatment in Part V. Statement Of Facts of the
Plaintiff's 1983 Civil Rights Complaint in this instant Count.
   2. Plaintiff repeats And Realleges Paragraphs 1
And 2 of Counts 1 and 2 of this Supplemental Jurisdict-
ion Complaint, And further Alleges;
   3. At all times material to this action, Defendant Har-
vey had the power/authority to overrule decisions by WCI's
Medical Dept. staff and Administration staff to deny the
Plaintiff's medical Informal Grievances (i.e., IG) and Form-
al Grievances (i.e., FG), appealed to the Office Of The Secret-
ary, FDOC on 10/12/14 And 10/21/14. FDOC is Responsible

for providing adequate medical care to inmates under FDOC's custody, care, and control.

4. During Plaintiff's grievance procedure process, Defendant Harvey was an agent of FDOC acting within the scope and course of her employment. As a result Defendant Harvey was responsible for reviewing, evaluating, and making a final decision to grant or deny Plaintiff's grievance appeals.

5. Notwithstanding the Defendant doctors and nurses negligent breach of duty to exercise reasonable care to conform to the prevailing standard of care for the safety of Plaintiff, Defendant Harvey created a policy or custody under which unconstitutional practices occurred or that Defendant Harvey allowed the continuance of such a policy or custom, by deferring to WCI's Medical Dept. staff and Administration staff conscious choices to prescribe easier and less efficacious treatment plans for prisoners who are at risk for or who have begun to develop Cholecystitis that causes severe pain and other medical problems; where the documents (i.e., 1983 Civil Complaint Incorporated By Reference Part V. Statement Of Facts Paragraphs 1-24, supra) Defendant Harvey reviewed and evaluated (e.g., Paragraphs 19 and 20 of incorporated by reference 1983 Civil Complaint) makes it obvious to Defendant Harvey that WCI's Medical Dept. was inadequate to deal with Plaintiff's condition and present food allergies, that were and still are (i.e., Food Allergies) delayed and/or denied for non-medical reasons.

6. As a direct and proximate result of the negligence of the Defendant, has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, loss of ability to earn money, and aggravation of a previous non-existing condition. The losses are either permanent or continuing, and Plain-

tiff will suffer the losses And impairment in the future.
Wherefore, Plaintiff Request $250,000.00 judgment with-
the jurisdictional limits of Florida circuit courts, together
with cost of suit, And any further Relief As the Court
deems proper.
Plaintiff demands jury trial in the Above entitled Action.

18

INSTITUTION

Nathan Jones (1839064)(A1-109 L)
Walton Correctional Institution
691 Institution Rd.
Defuniak Springs, Fla. 32433

US District Court
Northern Divison C/o Clerk Palefox
Pensacola, Fla. 32501